LATHAM & WATKINS LLP
Bradley A. Hyde (Bar No. 301145)
*bradley.hyde@lw.com*
650 Town Center Drive - 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

LATHAM & WATKINS LLP
Lawrence J. Gotts (*pro hac vice* application to be filed)
*lawrence.gotts@lw.com*
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

LATHAM & WATKINS LLP
Charles H. Sanders (*pro hac vice* application to be filed)
*charles.sanders@lw.com*
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001

Attorneys for Plaintiffs
SEOUL SEMICONDUCTOR CO., LTD. and SEOUL VIOSYS CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SEOUL SEMICONDUCTOR CO., LTD., a Korean corporation, and SEOUL VIOSYS CO., LTD., a Korean corporation,

Plaintiffs,

v.

K-MART CORPORATION, a Michigan corporation,

Defendant.

CASE NO. 2:16-CV-16-6782

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiffs Seoul Semiconductor Co., Ltd. ("SSC") and Seoul Viosys Co., LTD. ("SVC") (collectively "Plaintiffs") for their Complaint against defendant Kmart Corporation ("Kmart" or "Defendant") allege as follows:

## INTRODUCTION

1. Plaintiffs bring this patent infringement action to protect their valuable patented technology relating to light-emitting diode (LEDs) and LED lighting. An LED is a semiconductor device that converts electrical energy into light. LEDs have many advantages over conventional light sources, including lower energy consumption, longer lifetime, and smaller size.

2. SSC was founded in 1992 with around 30 employees in a small space of a commercial building in Bongchen-dong, Seoul. From those 30 employees, SSC grew into one of the largest manufacturers of LEDs in the world. SVC is also a leading company in the LED industry and affiliate company with SSC.

3. SSC's success is in large part due to its investment into innovation and respect for intellectual property. SSC has invested in R&D for the last two decades. SSC invests over 10% of sales revenue into research and development and owns one of the largest LED patent portfolios in the world, which includes more than 10,000 patents worldwide. Professor Shuji Nakamura, who won a Nobel prize for his the invention of efficient blue light-emitting diodes which has enabled bright and energy-saving white light sources, has been a consultant to SSC and is an inventor of a patent-in-suit.

## THE PARTIES

4. Plaintiff SSC is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 1B-25, 727, Wonsi-dong, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

5. Plaintiff SVC is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 65-16, Sandan-ro163beon-gil, Danwon-gu, Ansan-si, Gyeonggi-do, Korea 425-851.

6. On information and belief, defendant Kmart is a company organized and existing under the laws of the State of Michigan with its principal place of business at 3333 Beverly Road Hoffman Estates, IL 60179.

**JURISDICTION AND VENUE**

7. This is an action for patent infringement, under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has jurisdiction under 28 U.S.C. §§1331 and 1338(a).

8. This Court has personal jurisdiction over Kmart. On information and belief, Kmart transacts and does business in the State of California and this District, including through its stores in the State of California and this District, and/or has committed acts of patent infringement in the State of California and this District. On information and belief, Kmart is engaged in substantial and continuous contacts with the State of California and this District, through its conduct of business, including selling, offering for sale, and/or importing infringing products and services to customers within this District. Kmart also places or causes to have placed infringing products and services into the stream of commerce, including by way of its website, http://www.kmart.com, with the knowledge that such products and services will be made, imported, sold, offered for sale, and/or used in the State of California and this District. As such, Kmart has purposefully availed itself of the privilege of conducting business within this District; has established sufficient minimum contacts with this District such that it should reasonably and fairly anticipate being haled into court in this District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities. On information and belief, a substantial part of the events giving rise to Plaintiffs' claims, including acts of patent infringement, have occurred in the State of California and this District. On information and belief, the infringing product

identified below is manufactured by and sold to Kmart by a company residing in this District: Spotlite America Corporation ("Spotlite") of Culver City, California.

9. Venue is proper within this judicial district under 28 U.S.C. §§1391(b) and 1400(b). On information and belief, acts of patent infringement have been committed in this District, a substantial part of the property at issue in this action is situated in this district, and Kmart is subject to personal jurisdiction in this District. In addition, venue is proper because Plaintiffs have suffered and are suffering harm in this District.

## PATENTS-IN-SUIT

10. On September 13, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,942,731 ("the '731 Patent"), entitled "Method for Improving the Efficiency of Epitaxially Produced Quantum Dot Semiconductor Components," to Sellin et al. SSC is the owner by assignment of the '731 Patent. A true and correct copy of the '731 Patent is attached hereto as Exhibit 1.

11. On December 1, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,626,209 ("the '209 Patent"), entitled "Light Emitting Diode Having Active Region of Multi Quantum Well Structure," to Lee et al. SSC is the owner by assignment of the '209 Patent. A true and correct copy of the '209 Patent is attached hereto as Exhibit 2.

12. On March 15, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,906,789 ("the '789 Patent"), entitled "Warm White Light Emitting Apparatus and Black Light Module Comprising the Same," to Jung et al. SSC is the owner by assignment of the '789 Patent. A true and correct copy of the '789 Patent is attached hereto as Exhibit 3.

13. On May 31, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,951,626 ("the '626 Patent"), entitled "Light Emitting Device and Method of Manufacturing the Same," to Lee et al. SVC is the

owner by assignment of the ’626 Patent. A true and correct copy of the ’626 Patent is attached hereto as Exhibit 4.

14. On July 19, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,982,207 (“the ’207 Patent”), entitled “Light Emitting Diode,” to Kim et al. SSC is the owner by assignment of the ’207 Patent. A true and correct copy of the ’207 Patent is attached hereto as Exhibit 5.

15. On March 4, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,664,638 (“the ’638 Patent”), entitled “Light-Emitting Diode Having an Interlayer with High Voltage Density and Method for Manufacturing the Same,” to Yoo et al. SVC is the owner by assignment of the ’638 Patent. A true and correct copy of the ’638 Patent is attached hereto as Exhibit 6.

16. On October 14, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,860,331 (“the ’331 Patent”), entitled “Light Emitting Device for AC Power Operations,” to Lee et al. SVC is the owner by assignment of the ’331 Patent. A true and correct copy of the ’331 Patent is attached hereto as Exhibit 7.

17. On January 19, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,240,529 (“the ’529 Patent”), entitled “Textured Phosphor Conversion Layer Light Emitting Diode,” to DeMille et al. SSC is the exclusive licensee of the ’529 Patent with the right to sue for patent infringement. A true and correct copy of the ’529 Patent is attached hereto as Exhibit 8.

**COUNT I**

**(PATENT INFRINGEMENT – ’731 PATENT)**

18. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-17 above as if fully set forth herein.

19. On information and belief, Kmart has infringed and continues to infringe one or more claims of the ’731 Patent, including but not limited to claim 1, pursuant to 35 U.S.C. § 271(g) at least by without authority importing into the United States or offering to sell, selling, and/or using within the United States Spotlite’s Kodak LED Lighting Bulb 41063 (“41063 LED Bulb”), which on information and belief is made in China. Photographs of the 41063 LED Bulb and its packaging are copied below, showing the model number, Spotlite’s name and address, and the “made in China” marking, respectively, within the added red boxes.










20. On information and belief, there is no adequate remedy under this title for infringement on account of the importation or other use, offer to sell, or sale of that product. The product that is made by the process covered by at least claim 1 of

the ’731 Patent is not materially changed by subsequent processes and does not become a trivial and nonessential component of another product.

21. On information and belief, Kmart has infringed at least claim 1 pursuant to 35 U.S.C. § 271(g) at least because the 41063 LED Bulb contains a product that made by the patented process involving improving the efficiency of epitaxially produced quantum dot semiconductor components having at least one quantum dot layer, comprising the step of interrupting growth of the semiconductor component each time after a layer of coherent quantum dots has been overgrown with a layer of semiconductor material at least thick enough to completely cover all the quantum dots, wherein the step of interrupting growth of the semiconductor component is carried out for each quantum dot layer.

22. Kmart’s infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

23. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

24. At least as of the time Kmart is served with this Complaint, Kmart will have actual notice of the ’731 Patent and its infringement of that patent. On information and belief, at least after service of this Complaint, Kmart’s infringement will be willful at minimum if Kmart does not discontinue infringing importation, offers for sale, sale and use and remove the infringing products from its product offerings. Such willful infringement would entitle Plaintiffs to enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional, entitling Plaintiffs to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

**COUNT II**

**(PATENT INFRINGEMENT – ’209 PATENT)**

25. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-24 above as if fully set forth herein.

26. On information and belief, Kmart has infringed and continues to infringe one or more claims of the ’209 Patent, including but not limited to claim 1, pursuant to 35 U.S.C. § 271(a) at least by without authority making, using, offering to sell, and/or selling the 41063 LED Bulb within the United States or importing the 41063 LED Bulb into the United States.

27. On information and belief, Kmart has infringed at least claim 1 pursuant to 35 U.S.C. § 271(a) at least because the 41063 LED Bulb contains a LED comprising: a GaN-based N-type compound semiconductor layer; a GaN-based P-type compound semiconductor layer; and an active region of a multi quantum well structure having InGaN well layers and barrier layers alternately laminated, the active region being interposed between the N-type and P-type compound semiconductor layers, wherein at least one of the barrier layers in the active region includes an undoped InGaN layer and a Si-doped GaN layer, and the Si-doped GaN layer is positioned closer to the P-type compound semiconductor layer than the undoped InGaN layer.

28. Kmart’s infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

29. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

30. At least as of the time Kmart is served with this Complaint, Kmart will have actual notice of the ’209 Patent and its infringement of that patent. On information and belief, at least after service of this Complaint, Kmart’s infringement

will be willful at minimum if Kmart does not discontinue infringing importation, offers for sale, sale and use and remove the infringing products from its product offerings. Such willful infringement would entitle Plaintiffs to enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional, entitling Plaintiffs to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT III

## (PATENT INFRINGEMENT – '789 PATENT)

31. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-30 above as if fully set forth herein.

32. On information and belief, Kmart has infringed and continues to infringe one or more claims of the '789 Patent, including but not limited to claim 1, pursuant to 35 U.S.C. § 271(a) at least by without authority making, using, offering to sell, and/or selling the 41063 LED Bulb within the United States or importing the 41063 LED Bulb into the United States.

33. On information and belief, Kmart has infringed at least claim 1 pursuant to 35 U.S.C. § 271(a) at least because the 41063 LED Bulb constitutes or contains a warm white light emitting apparatus, comprising a first light emitting diode (LED)-phosphor combination to generate a base light, the base light being white or yellowish white; and a second LED-phosphor combination to generate a Color Rendering Index (CRI) adjusting light, wherein the base light and the CRI adjusting light together make a warm white light having a color temperature of 2500 to 4500K.

34. Kmart's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

35. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

36. At least as of the time Kmart is served with this Complaint, Kmart will have actual notice of the ’789 Patent and its infringement of that patent. On information and belief, at least after service of this Complaint, Kmart’s infringement will be willful at minimum if Kmart does not discontinue infringing importation, offers for sale, sale and use and remove the infringing products from its product offerings. Such willful infringement would entitle Plaintiffs to enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional, entitling Plaintiffs to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

## COUNT IV

## (PATENT INFRINGEMENT – ’626 PATENT)

37. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-36 above as if fully set forth herein.

38. On information and belief, Kmart has infringed and continues to infringe one or more claims of the ’626 Patent, including but not limited to claim 9, pursuant to 35 U.S.C. § 271(g) at least by without authority importing into the United States or offering to sell, selling, and/or using within the United States the 41063 LED Bulb, which on information and belief is made in China. On information and belief, there is no adequate remedy under this title for infringement on account of the importation or other use, offer to sell, or sale of that product. The product which is made by the process covered by at least claim 9 of the ’626 Patent is not materially changed by subsequent processes and does not become a trivial and nonessential component of another product.

39. On information and belief, Kmart has infringed at least claim 9 pursuant to 35 U.S.C. § 271(g) at least because the 41063 LED Bulb contains a product that made by the patented process involving manufacturing a light emitting device, comprising sequentially forming an N-type semiconductor layer, active layer, and P-type semiconductor layer on a substrate; forming an etching mask pattern, of which a side surface is not perpendicular to but inclined at a slope from a

horizontal plane, on the P-type semiconductor layer; and removing the etching mask pattern and the P-type semiconductor layer exposed through the etching mask pattern, wherein forming the etching mask pattern comprises: forming a photoresist on the P-type semiconductor layer; exposing the photoresist to light; hard-baking and developing the photoresist; and etching a side surface of the developed photoresist to have the slope from the horizontal plane.

40. Kmart's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

41. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

42. At least as of the time Kmart is served with this Complaint, Kmart will have actual notice of the '626 Patent and its infringement of that patent. On information and belief, at least after service of this Complaint, Kmart's infringement will be willful at minimum if Kmart does not discontinue infringing importation, offers for sale, sale and use and remove the infringing products from its product offerings. Such willful infringement would entitle Plaintiffs to enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional, entitling Plaintiffs to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT V

## (PATENT INFRINGEMENT – '207 PATENT)

43. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-42 above as if fully set forth herein.

44. On information and belief, Kmart has infringed and continues to infringe one or more claims of the '207 Patent, including but not limited to claim 1, pursuant to 35 U.S.C. § 271(a) at least by without authority making, using, offering

to sell, and/or selling the 41063 LED Bulb within the United States or importing the 41063 LED Bulb into the United States.

45. On information and belief, Kmart has infringed at least claim 1 pursuant to 35 U.S.C. § 271(a) at least because the 41063 LED Bulb contains a LED comprising: a substrate; an n-type semiconductor layer, an active layer, and a p-type semiconductor layer arranged on the substrate; a transparent electrode layer arranged on and in contact with the p-type semiconductor layer, the transparent electrode layer comprising an opening exposing the p-type semiconductor layer; a current blocking portion arranged in the opening; and an electrode pad arranged on the current blocking portion.

46. Kmart's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

47. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

48. At least as of the time Kmart is served with this Complaint, Kmart will have actual notice of the '207 Patent and its infringement of that patent. On information and belief, at least after service of this Complaint, Kmart's infringement will be willful at minimum if Kmart does not discontinue infringing importation, offers for sale, sale and use and remove the infringing products from its product offerings. Such willful infringement would entitle Plaintiffs to enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional, entitling Plaintiffs to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT VI

## (PATENT INFRINGEMENT – '638 PATENT)

49. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-48 above as if fully set forth herein.

50. On information and belief, Kmart has infringed and continues to infringe one or more claims of the ’638 Patent, including but not limited to claim 1, pursuant to 35 U.S.C. § 271(a) at least by without authority making, using, offering to sell, and/or selling the 41063 LED Bulb within the United States or importing the 41063 LED Bulb into the United States.

51. On information and belief, Kmart has infringed at least claim 1 pursuant to 35 U.S.C. § 271(a) at least because the 41063 LED Bulb contains a LED comprising: a substrate; a buffer layer disposed on the substrate; a gallium nitride-based n-type contact layer disposed on the buffer layer; a gallium nitride based p-type contact layer disposed on the gallium nitride-based n-type contact layer; an active layer interposed between the gallium nitride-based n-type contact layer and the gallium nitride-based p-type contact layer; a gallium nitride-based first lower semiconductor layer interposed between the buffer layer and the gallium nitride-based n-type contact layer; a gallium nitride-based first interlayer interposed between the gallium nitride-based first lower semiconductor layer and the gallium nitride-based n-type contact layer; and a gallium nitride-based second interlayer interposed between the gallium nitride-based first interlayer and the gallium nitride-based n-type contact layer, wherein the gallium nitride-based second interlayer has higher dislocation density than that of the gallium nitride-based first lower semiconductor layer and has dislocation density different from that of the gallium nitride-based first interlayer, wherein the gallium nitride-based first interlayer comprises a single composition and has lower dislocation density than that of the buffer layer and has higher dislocation density than that of the gallium nitride-based first lower semiconductor layer, and wherein the gallium nitride-based first interlayer comprises the same composition as that of the gallium nitride-based n-type contact layer.

52. Kmart’s infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and

irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

53. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

54. At least as of the time Kmart is served with this Complaint, Kmart will have actual notice of the ’638 Patent and its infringement of that patent. On information and belief, at least after service of this Complaint, Kmart’s infringement will be willful at minimum if Kmart does not discontinue infringing importation, offers for sale, sale and use and remove the infringing products from its product offerings. Such willful infringement would entitle Plaintiffs to enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional, entitling Plaintiffs to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

## COUNT VII

## (PATENT INFRINGEMENT – ’331 PATENT)

55. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-54 above as if fully set forth herein.

56. On information and belief, Kmart has infringed and continues to infringe one or more claims of the ’331 Patent, including but not limited to claim 11, pursuant to 35 U.S.C. § 271(a) at least by without authority making, using, offering to sell, and/or selling the 41063 LED Bulb within the United States or importing the 41063 LED Bulb into the United States.

57. On information and belief, Kmart has infringed at least claim 1 pursuant to 35 U.S.C. § 271(a) at least because the 41063 LED Bulb contains a LED device comprising: a light emitting diode (LED) chip comprising a plurality of light emitting cells connected in series, parallel, or series-parallel; a transparent member covering the LED chip; a first phosphor configured to be excited by light emitted from the LED chip and to emit light in a visible light range; and a second phosphor configured to be excited by light emitted from the LED chip and to emit light in a

visible wavelength range, wherein the first phosphor has a longer decay time than the decay time of the second phosphor.

58. Kmart's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

59. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

60. At least as of the time Kmart is served with this Complaint, Kmart will have actual notice of the '331 Patent and its infringement of that patent. On information and belief, at least after service of this Complaint, Kmart's infringement will be willful at minimum if Kmart does not discontinue infringing importation, offers for sale, sale and use and remove the infringing products from its product offerings. Such willful infringement would entitle Plaintiffs to enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional, entitling Plaintiffs to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT VIII**

**(PATENT INFRINGEMENT – '529 PATENT)**

61. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-60 above as if fully set forth herein.

62. On information and belief, Kmart has infringed and continues to infringe one or more claims of the '529 Patent, including but not limited to claim 1, pursuant to 35 U.S.C. § 271(a) at least by without authority making, using, offering to sell, and/or selling the 41063 LED Bulb within the United States or importing the 41063 LED Bulb into the United States.

63. On information and belief, Kmart has infringed at least claim 1 pursuant to 35 U.S.C. § 271(a) at least because the 41063 LED Bulb contains a light emitting device comprising: an LED chip emitting light at a first wavelength,

wherein the emitted light is extracted from both front and back sides of the LED chip; a lead frame to which the LED chip is attached, wherein the LED chip resides on or above a transparent plate in the lead frame that allows the emitted light to be extracted out of the LED chip through the transparent plate in the lead frame; and a phosphor for converting the light emitted by the LED chip at the first wavelength to a second wavelength.

64. Kmart's infringement has caused and is continuing to cause damage and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

65. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

66. At least as of the time Kmart is served with this Complaint, Kmart will have actual notice of the '529 Patent and its infringement of that patent. On information and belief, at least after service of this Complaint, Kmart's infringement will be willful at minimum if Kmart does not discontinue infringing importation, offers for sale, sale and use and remove the infringing products from its product offerings. Such willful infringement would entitle Plaintiffs to enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional, entitling Plaintiffs to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in its favor and against Kmart as follows:

A. A declaration that Kmart has infringed the '731 Patent, '209 Patent, '789 Patent, '626 Patent, '207 Patent, '638 Patent, '331 Patent, and '529 Patent under 35 U.S.C. § 271, and a final judgment incorporating the same;

B. A preliminary and permanent injunction, enjoining Kmart and its officers, agents, servants, employees, representatives, successors, and assigns, and

all others acting in concert or participation with them from continued infringement under 35 U.S.C. § 271 of the ’731 Patent, ’209 Patent, ’789 Patent, ’626 Patent, ’207 Patent, ’638 Patent, ’331 Patent, and ’529 Patent;

C. An award of damages adequate to compensate Plaintiffs for Kmart’s infringement the ’731 Patent, ’209 Patent, ’789 Patent, ’626 Patent, ’207 Patent, ’638 Patent, ’331 Patent, and ’529 Patent, together with prejudgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;

D. An order finding that Kmart’s infringement is willful and enhancing damages pursuant to 35 U.S.C. § 284;

E. An order finding that this is an exceptional case under 35 U.S.C. § 285 and awarding relief, including reasonable attorneys’ fees, costs, and expenses;

F. An accounting of all infringing sales and other infringing acts by Kmart, and an order compelling an accounting for infringing acts not presented at trial and an award by the Court of additional damages for such acts; and

G. Any other relief to which Plaintiffs are entitled or that the Court seems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury of all issues so triable.

DATED: September 9, 2016

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Bradley A. Hyde*

Bradley A. Hyde
Bar No. 301145
LATHAM & WATKINS LLP
650 Town Center Drive - 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
*bradley.hyde@lw.com*

LATHAM & WATKINS LLP
Lawrence J. Gotts (*pro hac vice* application to be filed)
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
*lawrence.gotts@lw.com*

Charles H. Sanders (*pro hac vice* application to be filed)
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
*charles.sanders@lw.com*

Attorneys for Plaintiffs
SEOUL SEMICONDUCTOR CO., LTD. and SEOUL VIOSYS CO., LTD.