| | | |
|---|---|---|
| 1 | LATHAM & WATKINS LLP | FEINBERG DAY ALBERTI and THOMPSON LLP |
| 2 | Bradley A. Hyde (Bar No. 301145)<br>*bradley.hyde@lw.com* | Elizabeth Day |
| 3 | 650 Town Center Drive - 20th Floor | *eday@feinday.com* |
| | Costa Mesa, California 92626-1925 | 1600 El Camino Real |
| 4 | Telephone: (714) 540-1235 | Suite 280 |
| | Facsimile: (714) 755-8290 | Menlo Park, CA 94025 |
| 5 | | 650-618-4360 |
| 6 | Attorney for Plaintiffs SEOUL | 650-618-4368 (fax) |
| | SEMICONDUCTOR CO., LTD. and | |
| 7 | SEOUL VIOSYS CO., LTD. | Attorney for Defendant |
| | | K-MART CORPORATION |
| 8 | HOLLAND & KNIGHT LLP | |
| 9 | Stacey H. Wang | [ADDITIONAL COUNSEL LISTED |
| | *stacey.wang@hklaw.com* | ON SIGNATURE PAGE] |
| 10 | 400 South Hope Street 8th Floor | |
| | Los Angeles, CA 90071-2040 | |
| 11 | Telephone: 213-896-2400 | |
| | Facsimile: 213-896-2450 | |
| 12 | | |
| 13 | Attorney for Plaintiff | |
| | THE REGENTS OF THE | |
| 14 | UNIVERSITY OF CALIFORNIA | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 20 | SEOUL SEMICONDUCTOR CO., LTD., a Korean corporation, SEOUL VIOSYS CO., LTD., a Korean corporation, and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | CASE NO. 2:16-cv-06782-SJO-JEM |
| | Plaintiffs, | [~~PROPOSED~~] **STIPULATED ORDER REGARDING E-DISCOVERY** |
| | v. | |
| | KMART CORPORATION, a Michigan corporation, | |
| | Defendant. | |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The following requirements shall apply to the production of documents in electronic format in response to production requests under Federal Rules of Civil Procedure 34 and 45:

   a. Documents shall be produced as single page TIFF or PDF, except for Excel spreadsheets, PowerPoint documents, and exception documents which shall be produced in their native format with a placeholder TIFF image or PDF that says "Produced as Native File," the Bates number, and file name;

   b. Emails shall be kept with their attachments to the extent possible;

   c. All productions will be accompanied with load files;

   d. Extracted text shall be provided for all documents, at the

        document level, to the extent possible; and

    e.     The following metadata shall be preserved and provided for all produced ESI, to the extent it exists and can be captured: Custodian, File Path, Email Subject, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

6.     General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7.     Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business and good cause must be shown for email discovery.

8.     Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9.     Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10.     Plaintiffs and Defendant shall limit their email production requests to a total of five custodians for each side for all such requests, excluding any requests to third parties. The parties may jointly agree to modify this limit without the Court's

leave. The Court shall consider contested requests for up to five additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should Plaintiffs or Defendant serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each side shall limit its email production requests to a total of five search terms per custodian. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery. If a party determines that particular search term(s) would result in an excessive number of responsive documents being identified, the parties shall confer about narrowing these search term(s) and the producing party shall have the right to seek that the requesting party bear all reasonable costs of production if an acceptable agreement

to narrow the search term(s) cannot be reached.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver in the pending case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. The terms of the Rule 502(d) Order, upon entry by the Court, shall apply equally to ESI.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

IT IS SO STIPULATED.

Dated: January 27, 2017

/s/ Bradley A. Hyde
LATHAM & WATKINS LLP
Bradley A. Hyde (Bar No. 301145)
bradley.hyde@lw.com
650 Town Center Drive - 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

LATHAM & WATKINS LLP
Lawrence J. Gotts (admitted *pro hac vice*)
lawrence.gotts@lw.com
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

LATHAM & WATKINS LLP
Charles H. Sanders (admitted *pro hac vice*)
charles.sanders@lw.com
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 948-6000

|  |  |
|---|---|
|  | Facsimile: (617) 948-6001 |
|  | ***Attorneys for Plaintiffs*** <br> ***SEOUL SEMICONDUCTOR CO., LTD.*** <br> ***and SEOUL VIOSYS CO., LTD.*** |
| Dated: January 27, 2017 |  |
|  | <u>*By: /s/ Stacey H. Wang*</u> <br> HOLLAND and KNIGHT LLP <br> Stacey Hsiang Chun Wang <br> stacey.wang@hklaw.com <br> 400 South Hope Street 8th Floor <br> Los Angeles, CA 90071-2040 <br> 213-896-2400 <br> 213-896-2450 (fax) |
|  | Michael Bradley Eisenberg <br> michael.eisenberg@hklaw.com <br> 31 West 52nd Street <br> New York, NY 10019 <br> 212-513-3200 <br> 212-385-9010 (fax) |
|  | HOLLAND and KNIGHT LLP |
|  | ***Attorneys for Plaintiff*** <br> ***THE REGENTS OF THE UNIVERSITY*** <br> ***OF CALIFORNIA*** |
| Dated: January 27, 2017 |  |
|  | <u>*/s/ Elizabeth Day*</u> <br> FEINBERG DAY ALBERTI and <br> THOMPSON LLP <br> Elizabeth Day <br> eday@feinday.com <br> 1600 El Camino Real <br> Suite 280 <br> Menlo Park, CA 94025 <br> 650-618-4360 <br> 650-618-4368 (fax) |
|  | ***Attorney for Defendant*** <br> ***K-MART CORPORATION*** |

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: January 27, 2017

*/s/ Bradley A. Hyde*
LATHAM & WATKINS LLP
Bradley A. Hyde (Bar No. 301145)
bradley.hyde@lw.com
650 Town Center Drive - 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

*Attorney for Plaintiffs*
*SEOUL SEMICONDUCTOR CO., LTD.*
*and SEOUL VIOSYS CO., LTD.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 1, 2017

_____
Hon. John E. McDermott
United States District Judge