| | |
|---|---|
| LATHAM & WATKINS LLP<br>  Bradley A. Hyde (Bar No. 301145)<br>*bradley.hyde@lw.com*<br>650 Town Center Drive - 20th Floor<br>Costa Mesa, California 92626-1925<br>Telephone: (714) 540-1235<br>Facsimile: (714) 755-8290<br><br>Attorney for Plaintiffs SEOUL SEMICONDUCTOR CO., LTD. and SEOUL VIOSYS CO., LTD.<br><br>HOLLAND & KNIGHT  LLP<br>  Stacey H. Wang<br>*stacey.wang@hklaw.com*<br>400 South Hope Street 8th Floor<br>Los Angeles, CA 90071-2040<br>Telephone: 213-896-2400<br>Facsimile: 213-896-2450<br><br>Attorney for Plaintiff<br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA | FEINBERG DAY ALBERTI and THOMPSON LLP<br>  Elizabeth Day<br>*eday@feinday.com*<br>1600 El Camino Real<br>Suite 280<br>Menlo Park, CA 94025<br>650-618-4360<br>650-618-4368 (fax)<br><br>Attorney for Defendant<br>K-MART CORPORATION<br><br>[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE] |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., a Korean corporation, SEOUL VIOSYS CO., LTD., a Korean corporation, and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>        Plaintiffs,<br><br>  v.<br><br>KMART CORPORATION, a Michigan corporation,<br><br>        Defendant. | CASE NO. 2:16-cv-06782-SJO-JEM<br><br>**[**~~**PROPOSED**~~**] STIPULATED ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)** |

1  WHEREAS, the parties to the above-captioned litigation will engage in
2  discovery pursuant to the Federal Rules of Civil Procedure, including the production
3  of documents and electronically-stored information ("ESI"); and

4  WHEREAS, pursuant to Federal Rule of Evidence 502(d), the Court may
5  enter an order declaring that the attorney-client privilege and work product
6  protection are not waived by the disclosure of documents or information, during the
7  course of the litigation pending before the Court, that would otherwise be entitled to
8  such privilege or protection; and

9  WHEREAS, the parties have met and conferred and agree that, subject to the
10 provisions of this Order, if a party (the "Producing Party") discloses information in
11 connection with the pending litigation that the Producing Party thereafter claims to
12 be privileged or protected by the attorney-client privilege or work product
13 protection ("Protected Information"), the disclosure of that Protected Information
14 will not constitute or be deemed a waiver or forfeiture--in this or any other federal
15 or state action--of any claim of privilege or work product protection that the
16 Producing Party would otherwise be entitled to assert with respect to the Protected
17 Information and its subject matter;

18 THEREFORE, in order to preserve the protections afforded by the attorney-
19 client privilege and work product doctrine to documents and information disclosed
20 by the respective parties in connection with this litigation, and pursuant to the
21 Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of
22 Evidence 502, the parties hereby stipulate and submit as follows:

23 1.  This Order protects *any* disclosure of Protected Information, whether
24 that disclosure is inadvertent or otherwise.

25 2.  Each party is entitled to decide, in its sole discretion, the appropriate
26 degree of care to exercise in reviewing materials for privilege. Irrespective of the
27 care that is actually exercised in reviewing materials for privilege, the Court hereby
28 orders that disclosure of Protected Information in discovery conducted in this

litigation shall not waive any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

3.   A Producing Party must notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon receipt of notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such documents or other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information. The Receiving Party's reasonable steps shall not require the return or destruction of Protected Information that is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Information, but such retained information shall continue to be treated in accordance with the Order.

4.   This Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order. However, if for any reason, a Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

5.   Nothing in this Order shall limit the Receiving Party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the Producing Party's claim that Disclosed Information is protected from disclosure by the attorney-client privilege or work product doctrine.  If, after undertaking an appropriate meet-and-confer process, the Parties are unable to resolve any dispute they have concerning the protection of documents for which a claim of Disclosure

has been asserted, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material. Any Protected Information submitted to the Court in connection with a challenge to the Producing Party's claim of attorney-client privilege or work product protection shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for in camera review.

IT IS SO STIPULATED.

Dated: January 27, 2017

*/s/ Bradley A. Hyde*
LATHAM & WATKINS LLP
Bradley A. Hyde (Bar No. 301145)
bradley.hyde@lw.com
650 Town Center Drive - 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

LATHAM & WATKINS LLP
Lawrence J. Gotts (admitted *pro hac vice*)
lawrence.gotts@lw.com
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

LATHAM & WATKINS LLP
Charles H. Sanders (admitted *pro hac vice*)
charles.sanders@lw.com
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001

*Attorneys for Plaintiffs*
*SEOUL SEMICONDUCTOR CO., LTD.*
*and SEOUL VIOSYS CO., LTD.*

Dated: January 27, 2017

*By: /s/ Stacey H. Wang*
HOLLAND and KNIGHT LLP
Stacey Hsiang Chun Wang
stacey.wang@hklaw.com
400 South Hope Street 8th Floor
Los Angeles, CA 90071-2040
213-896-2400
213-896-2450 (fax)

|    |                                |                                                               |
|----|--------------------------------|---------------------------------------------------------------|
| 1  |                                | Michael Bradley Eisenberg                                     |
| 2  |                                | michael.eisenberg@hklaw.com<br>31 West 52nd Street            |
| 3  |                                | New York, NY 10019<br>212-513-3200                            |
| 4  |                                | 212-385-9010 (fax)                                            |
| 5  |                                | HOLLAND and KNIGHT LLP                                        |
| 6  |                                | *Attorneys for Plaintiff*<br>**THE REGENTS OF THE UNIVERSITY**|
| 7  |                                | **OF CALIFORNIA**                                             |
| 8  | Dated: January 27, 2017        |                                                               |
| 9  |                                | */s/ Elizabeth Day*<br>FEINBERG DAY ALBERTI and               |
| 10 |                                | THOMPSON LLP<br>Elizabeth Day                                 |
| 11 |                                | eday@feinday.com<br>1600 El Camino Real                       |
| 12 |                                | Suite 280<br>Menlo Park, CA 94025                             |
| 13 |                                | 650-618-4360<br>650-618-4368 (fax)                            |
| 14 |                                | *Attorney for Defendant*                                      |
| 15 |                                | **K-MART CORPORATION**                                        |

### SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: January 27, 2017                */s/ Bradley A. Hyde*
                                       LATHAM & WATKINS LLP
                                       Bradley A. Hyde (Bar No. 301145)
                                       bradley.hyde@lw.com
                                       650 Town Center Drive - 20th Floor
                                       Costa Mesa, California 92626-1925
                                       Telephone: (714) 540-1235
                                       Facsimile: (714) 755-8290

                                       *Attorney for Plaintiffs*
                                       **SEOUL SEMICONDUCTOR CO., LTD.**
                                       **and SEOUL VIOSYS CO., LTD.**

/
/

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 1, 2017

_____
Hon. John E. McDermott
United States Magistrate Judge

ATTORNEYS AT LAW
ORANGE COUNTY

6

[PROPOSED] STIPULATED PROTECTIVE ORDER
PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)